O

# United States District Court
# Central District of California

JAMES DAGGS et al.,

Plaintiffs,

v.

FCA US LLC, et al.,

Defendants.

Case № 2:20-CV-03867-ODW (JEM)

**ORDER DENYING MOTION TO REMAND [10]**

## I. INTRODUCTION

On March 19, 2020, Plaintiffs James Daggs and Rhonda Daggs ("the Daggses") initiated this action in the Santa Barbara Superior Court for breach of express warranty and breach of implied warranty of merchantability under the Song-Beverly Consumer Warranty Act. (Notice of Removal ("Notice") ¶ 2, Ex. A ("Compl."), ECF No. 1-1.) On April 28, 2020, Defendant FCA US LLC ("FCA") removed the action to this Court. (Notice, ECF No. 1.) The Daggses seek to remand on the basis that removal was untimely under 28 U.S.C. § 1446(b). (Notice of Mot. to Remand 2, ECF No. 10; *see also* Mem. in Supp. ("Mot.") 2, ECF No. 11.) For the reasons discussed below, the Court **DENIES** the Daggses' Motion to Remand.[1]

[1] Having carefully considered the papers filed in connection with the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II. BACKGROUND

On March 23, 2020, the Daggses' professional process server attempted personal service of the Summons and Complaint in this action on FCA's agent for service; however, they were unable to complete service "due to [California's] COVID-19 'Stay at Home' order" in effect at that time. (Decl. of Thomas K. Ledbetter ("Ledbetter Decl.") ¶ 4, ECF No. 12.) On that same day, the Daggses' professional process server learned FCA's agent for service would accept service by mail. (Ledbetter Decl. ¶ 4.) On March 24, 2020, the Daggses' professional process server commenced service by mailing the Summons and Complaint to FCA's agent for service of process via first class mail. (Ledbetter Decl. ¶ 5, Ex. 1 ("Proof of Service"), ECF No. 12-2.) FCA's agent for service received the Summons and Complaint on March 30, 2020. (Decl. of Matthew M. Proudfoot ("Proudfoot Decl.") ¶ 11, Ex. B ("Compl. Service of Process Transmittal") 1, ECF No. 4.) On April 28, 2020, FCA removed the action to this Court. (*See* Notice.) The Daggses now move to remand. (*See* Mot.)

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

Federal courts must reject jurisdiction if there is "any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

When an action is removed from state court, the defendant always bears the burden of establishing that removal was proper. *Id.* To be timely, the notice of removal must be filed within thirty days after receipt of the summons and complaint through service of process or otherwise. 28 U.S.C. § 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

## IV. DISCUSSION

The Daggses move to remand the action on the grounds that FCA's removal was untimely. (*See* Mot.)

### A. Timeliness of Removal

The parties disagree over when the thirty-day removal period began. The Daggses contend that the removal period began on March 24, 2020, the day they mailed the summons and complaint to FCA, making FCA's removal on April 28, 2020, untimely. (Mot. 3–4.) FCA argues the removal period began on March 30, 2020, the day their agent for service received the Summons and Complaint. (Opp'n to Mot. ("Opp'n") 3, ECF No. 14.) The Court agrees with FCA.

The Daggses' argument is flawed from its inception. According to the Daggses, service was completed on March 24, 2020, the day the Summons and Complaint were deposited in the mail, pursuant to California Code of Civil Procedure ("CCP") section 1013(a). (Mot. 3, 4.) Based on this service date, they argue FCA had until April 27, 2020, to file the Notice of Removal. (Mot. 3, 4.) However, CCP section 1013(a) prescribes the proper method to serve notices and other papers, *not an initial summons*. *See Thierfeldt v. Marin Hosp. Dist.*, 35 Cal. App. 3d 186, 198 (1973) (discussing that CCP section 1013(a) "only appl[ies] to service of notices in a pending action upon a party who has appeared or has been served in that action"). Thus, the Daggses' calculation is incorrect.

FCA appears to propose CCP section 415.30 as the appropriate service-by-mail statute. (*See* Opp'n 5, 6.) However, under CCP section 415.30, service is complete on the date a defendant executes a written acknowledgment of receipt of summons.

Cal. Civ. Proc. Code § 415.30(c); *Cucci v. Edwards*, 510 F. Supp. 2d 479, 484 n.5 (C.D. Cal. 2007). "[I]f the party addressed fails to [execute and return the written acknowledgment], there is no effective service . . . ." *Langston v. 20/20 Cos.*, No. EDCV 14–1360 JGB (SPx), 2014 WL 5335734, at *2 (C.D. Cal. Oct. 17, 2014) (quoting *Thierfeldt*, 35 Cal. App. 3d at 199). Here, neither party has offered evidence of FCA's written acknowledgment of receipt of summons pursuant to CCP section 415.30. As a result, this argument is also unavailing.

In any event, the removal period runs from "the *receipt* by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1) (emphasis added); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1124 (9th Cir. 2013) (citing 28 U.S.C. §§ 1446(b)(1) & (b)(3)) ("[A] notice of removal [must] be filed within thirty days of receipt . . . of . . . document[s] from which it is ascertainable that the case is removable."). FCA submits evidence that its agent for service of process received the Summons and Complaint on March 30, 2020. (Opp'n 3, 6; Proudfoot Decl. Ex. B ("Compl. Service of Process Transmittal") 1.) The Daggses offer no evidence to challenge that FCA received the Summons and Complaint—or any documents—at any time prior to March 30, 2020. (*See* Mot.) Accordingly, the removal period here began on March 30, 2020.

Thirty days after March 30, 2020, was Wednesday, April 29, 2020. FCA filed the Notice of Removal on April 28, 2020. Thus, even disregarding the additional days FCA would be afforded under Federal Rules of Civil Procedure 6(a)(1)(c) and 6(d), for service by mail and weekends, FCA timely filed the Notice of Removal. As FCA removed the action within the prescribed removal period, removal was timely, and the Court **DENIES** the Daggses' Motion.

### B. Local Rule 7-3

FCA requests the Court decline to consider the Motion to Remand based on the Daggses' non-compliance with Local Rule 7-3. (Opp'n 8.) Local Rule 7-3 requires

counsel or parties contemplating motion practice to "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. L.R. 7-3. Here, counsel for the Daggses' failed to meet and confer with counsel for FCA at least seven days prior to filing the Motion to Remand. (Opp'n 8–9.) The issue is moot considering the Court's conclusion that removal was timely. However, the parties are cautioned that "Local Rule 7-3 isn't just a piece of petty pedantry put down to trip up lawyers . . . [or] a mere formalism simply there to be checked off." *Lopez v. Wells Fargo Bank, N.A.*, No. SACV 16-1409-AG (KESx), 2016 WL 6088257, at *2 (C.D. Cal. Oct. 17, 2016). The Daggses' failure to satisfy Local Rule 7-3 can itself justify denying the Motion to Remand. *See id.* at 3. The Court reminds the Daggses and their counsel of their duty to comply with the Local Rules. Moving forward, the Court will require strict compliance with Local Rule 7-3.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** the Daggses' Motion to Remand.

**IT IS SO ORDERED.**

September 9, 2020

**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**